FILED

2026 Mar-10  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **RM CONSTRUCTION, INC.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  6:24-cv-01727-RDP** |
| | } | |
| **413 CABINS, LLC d/b/a STONE** | } | |
| **CANYON HOMES, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Defendants 413 Cabins, LLC d/b/a Stone Canyon Homes

("SCH" or "413 Cabins") and Douglas Merryman's ("Merryman") Motion to Dismiss Fraud and

RICO Counts (Doc. # 17) and Defendant George Outlaw's ("Outlaw") Motion for Judgment on

the Pleadings as to the Fraud and RICO counts (Doc. # 18). Defendants argue in both Motions that

Plaintiff has not satisfied its pleading requirements under Federal Rule of Civil Procedure 9(b) and

that Plaintiff has not sufficiently pled a pattern of racketeering activity under the RICO statute.

The Motions have been fully briefed. (Docs. # 17, 18, 25, 26, 27, 28). For the reasons set forth

below, both of Defendants' Motions are due to be denied.

## I.    Factual and Procedural Background[1]

RM Construction, Inc. ("RM" or "Plaintiff") is a Rhode Island corporation. (Doc. # 1 at ¶

1). Plaintiff alleges that SCH is an Alabama LLC, whose members are Merryman, Outlaw, and a

---

[1] In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Accordingly, the well-pleaded facts set out herein are taken from Plaintiff's Complaint (Doc. # 1) and they are assumed to be true for purposes of ruling on Defendants' motions.

separate entity, 830 Cabins, LLC. (*Id.* ¶ 2). Merryman served as the Chief Operating Officer ("COO") of SCH and Outlaw helped operate SCH in his capacity as owner during the relevant time period. (*Id.* ¶¶ 3, 5). Merryman is a California resident; Outlaw is a Texas resident. (*Id.* ¶¶ 4, 5).

Plaintiff filed its Complaint on December 13, 2024. (*See generally id.*). This dispute arises from a transaction in which Plaintiff alleges that they submitted a purchase order to SCH for twelve manufactured homes at the price of $149,750 each. (*Id.* ¶ 7). Plaintiff alleges that the parties agreed that the homes would be paid for in a series of payments, with Plaintiff wiring a deposit of $898,000 on April 23, 2024, and additional deposits of $100,000 on July 29, 2024 and $183,401.20 on September 11, 2024. (*Id.* ¶¶ 8, 9). Plaintiff alleges it purchased windows for each unit on June 26, 2024 at a cost of $93,461.52. (*Id.* ¶ 10).

Plaintiff claims that throughout the manufacturing process, Defendants sent photographs purporting to show completed homes as an indication of progress and to induce Plaintiff to send additional money. (*Id.* ¶¶ 12, 13). Plaintiff alleges that a former employee of SCH informed it that the photographs were photoshopped to look like there were three completed units but that no units were actually complete. (*Id.* ¶ 14). As of the filing of the Complaint, Plaintiff alleged that it had only received four of the twelve homes purchased and it seeks the money paid in excess. (*Id.* ¶ 17). Plaintiff also alleges that Defendants Merryman and Outlaw acknowledged that they had misrepresented the completion of the homes and offered to use money paid by the State of Alabama for homes the State had ordered to fund the construction of the homes that had not been delivered to Plaintiff. (*Id.* ¶ 18).

Based on these alleged facts, Plaintiff asserted claims of fraud, conversion, unjust enrichment, and civil RICO. (*Id.* ¶¶ 17-40). Outlaw answered the Complaint on May 2, 2025. (Doc.

# 4). On August 22, 2025, Defendants Merryman and 413 moved to dismiss the fraud and RICO counts, and Defendant Outlaw moved for judgment on the pleadings on the same claims. (Docs. # 17, 18). On the same date, Defendants Merryman and 413 filed their respective Answers, with Defendant 413 asserting a counterclaim against RM for breach of contract and quantum meruit/quasi-contract in the alternative. (Docs. # 19, 20). Plaintiff filed its corrected Responses to Defendants' Motions on September 5, 2025, after being granted leave by the court. (Docs. # 25, 26). Defendants filed their Replies on September 9, 2025. (Docs. # 27, 28). RM answered 413's counterclaim on September 12, 2025. (Doc. # 29).

## II.    Standard of Review

The court sets forth the relevant standard of review for the Motions. The standards are identical.

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Rule 9(b) imposes an enhanced pleading standard for a party alleging fraud or mistake. In that instance, a party must state the circumstances constituting fraud or mistake "with particularity." Fed. R. Civ. P. 9(b). The Eleventh Circuit has stated that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)). Put another way, "Rule

4

9(b) requires the plaintiff to allege 'the who, what, when[,] where, and how' of the fraudulent conduct." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1296 (11th Cir. 2025) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

"Though 9(b) requires more particularity than the normal Rule 8(a) standard, its application 'must not abrogate the concept of notice pleading.'" *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1178 (11th Cir. 2025) (quoting *Ziemba*, 256 F.3d at 1202). Generally, district court should "hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Gose v. Native Am. Servs. Corp.*, 109 F.4th 1297, 1318 (11th Cir. 2024) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss. *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)) ("A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)"). Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Carbone*, 910 F.3d at 1350 (applying *Iqbal*'s plausibility standard to a Rule 12(c) motion). Likewise, the same level of particularity required by Rule 9(b) is required when evaluating a Motion for Judgment on the Pleadings. *See generally Ent. Mktg. & Mgmt., Ltd. v. Fontenot*, No. CV H-24-1461, 2024 WL 3243487 (S.D. Tex. June 26, 2024) (applying Rule 9(b)'s heightened pleading requirements to a Motion for Judgment on the Pleadings).

### III.    Analysis

Defendants' Motions contain two primary arguments: that Plaintiff did not meet the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9, and that even if the allegations were true, Plaintiff has not adequately pled the elements of a RICO violation. The court addresses these arguments in turn.

### A.    Plausibility and Particularity under *Twiqbal* and Rule 9(b)

As the court noted in the Standard of Review, parties alleging fraud or mistake are subject to a higher standard of pleading on top of the *Twiqbal* plausibility standard. *See* Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied when a plaintiff alleges the "who, what, when[,] where, and how" of the fraudulent activity. *Pop*, 145 F.4th at 1296.

Beginning with the who, the what, and the how, Plaintiff has alleged that all Defendants "repeatedly sent photographs to RM [] purporting to show completed manufactured homes that were ready for shipment" but these photos were altered. (Doc. # 1 at ¶¶ 12-14). That is, Plaintiff alleges that the photographs depicted homes "which were not complete as represented." (*Id.* ¶ 14). Plaintiff clearly alleges that all three Defendants took part in communicating fabricated photographs to Plaintiff to get Plaintiff to send more money when the homes had not yet been completed.

Regarding when and where, Plaintiff has alleged that it made multiple payments to SCH from the inception of the purchase order and payment of the deposit on April 23, 2024 to the final alleged payment on September 11, 2024. (Doc. # 1 at ¶¶ 7-8). Plaintiff has also alleged that these payments were made in reliance on the progress as represented in the photographs. (*Id.* ¶¶ 15-16). Plaintiff has also alleged that the photographs were "sent" by Defendants to Plaintiff, presumably

electronically.[2] Granted, these allegations may not be as precise as they would be with the benefit of discovery. But, they sufficiently allege that Defendants were engaged in the particular conduct at issue. That is enough under Rule 8(a)'s notice pleading standard and Rule 9(b)'s particularity requirement. *See Gose*, 109 F.4th at 1318; *Otto Candies*, 137 F.4th at 1178.

Nor do Defendants seek dismissal or judgment on the pleadings on Plaintiff's conversion and unjust enrichment claims, though they are predicated on the same facts as the RICO and fraud claims. Accordingly, Defendants will be expected to engage in discovery on the same factual allegations in the Complaint regardless of whether the fraud and RICO claims are dismissed. Thus, since Plaintiff has sufficiently given Defendants notice of the conduct at issue and Defendants won't be prejudiced by moving forward with discovery, the court finds that Plaintiff's Complaint is adequate under Rules 8 and 9(b). These same standards apply, and are met, with respect to Plaintiff's fraud and RICO claims. *See Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291-92 (11th Cir. 2010)

## B.    RICO

Defendants also argue that Plaintiff has failed to carry its burden of properly pleading a RICO violation. To establish a RICO claim, a plaintiff must show that a defendant "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1224 (11th Cir. 2014) ("*Ray I*") (quoting *Reves v. Ernst & Young,* 507 U.S. 170, 172, 185 (1993)). Under the RICO statute, an enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §

---

[2] While Plaintiff does not specify that the photographs were sent electronically, it alleges that the photographs were digitally altered prior to being sent, meaning that the alleged act took place at least in part on one of Defendants' electronic devices. (Doc. # 1 at ¶ 14).

1961(4). Likewise, a "pattern of racketeering activity requires at least two acts of racketeering activity…the last of which occurred within ten years…after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Included in the long definition of racketeering activity is wire fraud. 18 U.S.C. § 1961(1).

First, Plaintiff has alleged that Defendants Outlaw and Merryman played a role in managing or operating SCH, with Merryman as COO and Outlaw as owner. (Doc. # 1 at ¶¶ 3, 5). Second, Plaintiff has alleged that SCH constitutes an enterprise, given that it is an LLC (a legal entity) comprised of (at least) Merryman and Outlaw.

"To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of *continuing* nature." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004) (emphasis in original).

Defendants argue that Plaintiff's multiple allegations of wire fraud within the same "transaction" is insufficient to establish a pattern of racketeering activity. *See Cisneros v. Petland, Inc.,* 972 F.3d 1204, 1216 (11th Cir. 2020). The court disagrees. In *Cisneros*, the plaintiff alleged three different acts of mail or wire fraud that each emerged from a single phone call on a single day. *Id.* at 1219. The entire transaction in that case occurred over the span of eleven days and involved the purchase of one dog for $2,400. *Id.* at 1209, 1219. The Eleventh Circuit held that the three acts of mail or wire fraud, though separately indictable, arose from a single transaction and therefore constituted a single predicate act. *Id.* at 1219.

The allegations in this case are distinguishable from *Cisneros*. Here, Plaintiff alleges that it submitted a purchase order for twelve homes from SCH. (Doc. # 1 at ¶ 7). Plaintiff alleges that

it paid for these homes in four different transactions to SCH – the first being a deposit of $898,200 on April 23, 2024. (*Id.* ¶ 8). Plaintiff then made two payments to Defendants based on alleged "misrepresentations" – in the amounts of $100,000 on July 29, 2024 and $183,401.20 on September 11, 2024. (*Id.* ¶ 9). Finally, Plaintiff alleges it paid $93,461.52 for windows for all twelve units on June 26, 2024. (*Id.* ¶ 10). As such, while there was indeed a broader purchase agreement, there were multiple transactions under that agreement, at least two of which Plaintiff alleges were induced by Defendants' transmission of doctored photographs. (*Id.* ¶ 16). Thus, Plaintiff has alleged at least two predicate acts to form the basis of its RICO claim.

Defendants also argue that Plaintiff has not met the "continuity" requirement necessary to show a pattern of racketeering activity. *Jackson*, 372 F.3d at 1264. A RICO plaintiff can show continuity by either alleging "close-ended" continuity or "open-ended" continuity. Close-ended continuity requires the plaintiff to plead "a series of related predicates extending over a substantial period of time." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). A "substantial period of time" is measured in years, not months, and predicate acts spanning the course of a few weeks or months do not satisfy the close-ended continuity requirement. *Id.*; *Jackson*, 372 F.3d at 1266 (holding that nine months was a "wholly insufficient interlude" to be a substantial period of time). Plaintiff alleges predicate acts spanning at most from April to September, a five-month period. Therefore, Plaintiff cannot establish a pattern of racketeering activity through close-ended continuity.

The question is whether Plaintiff has sufficiently pled open-ended continuity. A showing of open-ended continuity requires there to be a threat of continued racketeering activity. *H.J., Inc.*, 492 U.S. at 242. Whether there is an ongoing threat of continuity is a highly fact-dependent analysis. *Id.* The Supreme Court stated that examples of open-ended continuity include but are not

limited to instances in which the racketeering acts themselves include a specific, indefinite threat of repetition and instances where the predicate acts are part of an ongoing entity's regular way of doing business. *Id.*

Defendants argue that Plaintiff has not alleged open-ended continuity because Plaintiff has not pled facts to establish that wire fraud is an ongoing part of 413 Cabins's business or that the predicate acts threatened repetition. Defendants also argue that since 413 Cabins has been dissolved, it poses no threat of future illegal acts. The court will not speculate as to why the decision was made to dissolve 413 Cabins but notes that dissolution of the LLC does not *ipso facto* dissolve the threat of the enterprise. For example, the dissolution of 413 Cabins does not prevent Outlaw and Merryman from forming another enterprise and operating a scheme similar to the one alleged.

And Plaintiff has alleged that Defendants are operating a Ponzi-like scheme in which they offered to use money paid by the State of Alabama to fund its building of the homes owed to Plaintiff. (Doc. # 1 at ¶ 18). These allegations raise significant questions about what Defendants have done (or will do) with the money paid by Plaintiff for homes that were never delivered. As of the time the Complaint was filed, Plaintiff alleges that Defendants had only delivered four of the twelve homes despite repeated requests and demands from Plaintiff. (*Id.* ¶¶ 18, 20). Plaintiff's allegations that there are other victims and that Defendants still owe eight homes sufficiently indicate a threat of an ongoing, similar scheme being enacted against other victims. (*Id.* ¶ 37(c)). Thus, Plaintiff has successfully pled an open-ended continuity that may be further developed through discovery. The questions raised by Defendants are more suited to resolution after discovery and based on a Rule 56 motion.

**IV.**     **Conclusion**

For the above reasons, (1) Defendants 413 Cabins, LLC d/b/a Stone Canyon Homes ("SCH") and Douglas Merryman's ("Merryman") Motion to Dismiss Fraud and RICO Counts (Doc. # 17) and Defendant George Outlaw's ("Outlaw") Motion for Judgment on the Pleadings as to the Fraud and RICO counts (Doc. # 18) are **DENIED**. On or before April 30, 2026, the parties **SHALL** meet and confer and file a revised Rule 26(f) report.

**DONE** and **ORDERED** this March 10, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE